COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-383-CR

ALVIN ENNIS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Alvin Ennis, Jr. entered an open plea of guilty to the charge of possession of more than four grams but less than 200 grams of cocaine with intent to deliver and pled true to the deadly weapon allegation in the indictment. The trial court found Ennis guilty and assessed punishment at ten years’ confinement.

Ennis’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Additionally, Ennis was given the opportunity to file a pro se brief, but he did not do so.
(footnote: 3)
 As the reviewing court, we must conduct an independent evaluation of the record to determine 
whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  Because Ennis entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Ennis’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 6)
 We have carefully reviewed the record and counsel’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 7)  We therefore grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 28, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
We note that Ennis filed a letter objecting to his attorney’s motion to withdraw, in which he states that there are “missing discussions” between his attorney and the trial court regarding the deadly weapon finding and “other areas.”  He states that these discussions would be helpful to his appeal but fails to specifically explain what was said and how these discussions affect the trial court’s judgment.  Further, Ennis failed to recognize that he signed a written plea of true to the deadly weapon allegation, which supports the trial court’s deadly weapon finding.

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).

5:
See Penson v. Ohio
, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

6:
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

7:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).